# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SOUTHERN MARSH
COLLECTION, LLC

VERSUS

THE COCKLEBUR CREEK
COMPANY, LLC

CIVIL ACTION

21-265-SDD-RLB

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, The

Cocklebur Creek Company ("Cocklebur Creek"). Plaintiff, Southern Marsh Collection,

LLC ("Southern Marsh") filed an *Opposition,*[2] to which Cocklebur Creek filed a *Reply*.[3]

For the reasons that follow, the Court finds that the *Motion* shall be GRANTED.

## I.    BACKGROUND

In this intellectual property dispute, Plaintiff Southern Marsh cries fowl at

Defendant Cocklebur Creek's marketing and sale of duck-themed apparel that Southern

Marsh contends flies too close to its various trademarks, including its stylized duck logo,

which it describes as "a rightward-facing duck in repose silhouette design."[4] Southern

Marsh brings suit seeking damages and injunctive relief for copyright infringement under

17 U.S.C. § 501 and under Louisiana law, specifically the Louisiana Unfair Trade

Practices and Consumer Protection Act ("LUTPA").[5] Now before the Court is Cocklebur

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 9.
[3] Rec. Doc. No. 14.
[4] Rec. Doc. No. 1, p. 2.
[5] La. R.S. 51:1401, *et seq.*

1

Creek's *Motion to Dismiss*, which urges several arguments for the dismissal of Southern Marsh's claims. First, Cocklebur Creek argues that this Court lacks personal jurisdiction over it because Southern Marsh's allegations do not adequately establish sufficient contacts with this forum to support either general or specific jurisdiction. Second, Cocklebur Creek calls for the dismissal of Southern Marsh's LUTPA claim because it is time-barred and because Southern Marsh does not allege any type of fraudulent behavior as required by the statute. Lastly, Cocklebur Creek contends that the copyright infringement claim is also time-barred, asserting that because Southern Marsh sued Cocklebur Creek in Louisiana state court for similar conduct in 2017, it is apparent that "[m]ore than three years has elapsed since Southern Marsh had notice of the conduct which it now claims amounts to an infringement. . ."[6] The Court will address the arguments in turn.

## II.    LAW AND ANALYSIS

### a.    Motions to Dismiss Under Rule 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[7] The plaintiff is not required to establish jurisdiction by a preponderance of the evidence, however; a *prima facie* showing is sufficient.[8] "When considering a motion to dismiss for lack of personal jurisdiction, the Fifth Circuit directs courts to accept plaintiff's allegations as true, other than those which are controverted by the defendant or are

---

[6] Rec. Doc. No. 7-1, p. 19.
[7] *Luv n' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006).
[8] *Id*.

simply conclusory statements, and to resolve conflicts between the parties' facts in plaintiff's favor."[9]

A court may exercise personal jurisdiction over a nonresident-defendant only if the forum state's long-arm statute confers personal jurisdiction and the exercise of personal jurisdiction does not exceed the boundaries of due process.[10] The long-arm statute of Louisiana, the forum state here, authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment.[11] A court's exercise of personal jurisdiction over a nonresident-defendant comports with the due process clause when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that state and (2) the court's exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.[12]

The first inquiry, into "minimum contacts," is fact intensive and no one element is decisive; rather, the touchstone is whether the defendant purposely directed his activities towards the forum state, such that he could reasonably foresee being haled into court there.[13] A party may establish minimum contacts sufficient for the state to assert specific jurisdiction or general jurisdiction.[14] General jurisdiction exists "when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are

---

[9] *S. Marsh Collection, LLC v. C.J. Printing,Inc.,* No. CIV.A. 14-495-JJB-SC, 2015 WL 331919, at *1 (M.D. La. Jan. 26, 2015) (citing *Panda Brandywine v. Potomac,* 253 F.3d 865, 868 (5th Cir.2001)).
[10] *Dykes v. Maverick Motion Picture Grp., LLC,* No. 08–536–JJB–CN, 2011 WL 900276, at *2 (M.D. La. Mar. 14, 2011).
[11] *Id.*
[12] *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).
[13] *Luv N' Care Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 470 (5th Cir. 2006), quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).
[14] *Alpine View Co. v. Atlas Copco, A.B.,* 205 F.3d 208, 215 (5th Cir. 2000).

continuous, systematic, and substantial."[15] Specific jurisdiction exists if a nonresident-defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."[16] That is, for a court to exercise specific jurisdiction (1) the defendant must have directed activities or purposely availed itself of the privileges of conducting activities in the forum state; (2) the cause of action must arise out of the defendants forum-related contacts; and (3) the court's exercise of jurisdiction must be fair and reasonable.[17] Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.[18] With respect to contacts arising out of the Internet, the Fifth Circuit has summarized the applicable law as follows:

> The exercise of specific personal jurisdiction based on the defendant's contacts with the forum through the Internet requires that the plaintiff satisfy the terms of the appropriate jurisdictional statute, and then show that the exercise of jurisdiction will not violate the Constitution." *Id.* at 332. "This due process analysis has been refined ... into a three-part test that seems fully applicable to jurisdiction questions generated by the new technologies: (1) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (2) Did the defendant purposely direct its activities toward the forum state or purposely avail itself of the privilege of conducting activities therein? (3) Would the exercise of personal jurisdiction over the defendant be reasonable and fair?[19]

1) <u>Analysis</u>

Cocklebur Creek identifies an allegation from the *Complaint* that it characterizes as "an attempt to make out a prima facie case for general personal jurisdiction."[20] However, in its *Opposition*, Southern Marsh only addresses specific jurisdiction. As the

---

[15] *Springboards to Educ., Inc. v. Hamilton Cty. Read 20*, No. 3:16-CV-2509-B, 2017 WL 3023489, at *2 (N.D. Tex. July 14, 2017)(quoting *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999)).
[16] *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985).
[17] *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006).
[18] *Burger King,* 471 U.S. at 472.
[19] *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227 (5th Cir. 2012).
[20] Rec. Doc. No. 7-1, p. 7.

4

burden is Southern Marsh's to carry, by not arguing for general jurisdiction, Southern Marsh takes it off the table. Thus, if this Court has personal jurisdiction over Cocklebur Creek, it is specific personal jurisdiction.

The premise of Cocklebur Creek's *Motion to Dismiss* is that the Court lacks jurisdiction because "Southern Marsh fails to allege a single forum-related contact or that Cocklebur Creek in any way specifically targeted or directed its products toward Louisiana."[21] Southern Marsh disagrees, arguing that it has made the *prima facie* showing required. An examination of the jurisdictional allegations in the *Complaint* is in order. To establish personal jurisdiction, Southern Marsh pleads as follows:

> This Court has personal jurisdiction over Defendant. Defendant has conducted acts of infringement and unfair competition both within and outside this District causing injury in this District. Defendant solicits business through a website which may be accessed within the State of Louisiana and this District in particular. Thus, Defendant, has sufficient minimum contacts with the State of Louisiana, including the marketing and sale of products into the State of Louisiana.[22]

Three of these four sentences are conclusory. The other one – "Defendant solicits business through a website which may be accessed within the State of Louisiana and this District in particular" – offers *more* facts but, for reasons stated below, is insufficient under the law.

In its *Opposition* to the *Motion to Dismiss*, Southern Marsh identifies and discusses various exhibits that purport to establish Cocklebur Creek's "purposeful forum-related activities."[23] Southern Marsh proffers an *Affidavit* from one of its sales representatives, who attests that Cocklebur Creek's allegedly infringing clothing "had shelf space in The

---

[21] Rec. Doc. No. 7-1, p. 14.
[22] Rec. Doc. No. 1, p. 2, ¶ 4.
[23] Rec. Doc. No. 9, p. 5.

Camouflage Shoppe in Pecanland Mall in Monroe, Louisiana, and in multiple location [sic] of Patton's, including its Shreveport and Ruston stores."[24] Southern Marsh also attaches screenshots from the websites of those retailers, showing that Cocklebur Creek's clothing is available for purchase.

Based on this evidence, Southern Marsh argues that, for the clothes to end up in Louisiana stores, Cocklebur Creek "must have entered into contracts with each of its Louisiana retailers."[25] This is speculative and points only to the *possibility* of contacts with Louisiana. Even accepting as true that Cocklebur Creek's clothing is available at a few retailers here, that fact does not demonstrate that Cocklebur Creek specifically targeted or directed its products toward Louisiana. The inclusion of a Louisiana hashtag on Cocklebur's social media posts among many other state hashtags[26] likewise does not demonstrate specific targeting. And Southern Marsh fails to allege that its cause of action arises out of these speculative "contacts."

Southern Marsh also argues Cocklebur Creek subjects itself to personal jurisdiction in Louisiana because it operates an "interactive website,"[27] with online ordering, order tracking, and an interactive chat feature. But the Court notes that the existence of an interactive website without proof of actual sales in the forum state does not automatically confer jurisdiction, in light of the fact that "[u]nder *Zippo*, personal jurisdiction is based on *actual* internet sales to forum residents, not the mere possibility of sales."[28] Further, courts have held that operating a website where a resident of the

---

[24] Rec. Doc. No. 9-1, p. 2.
[25] Rec. Doc. No. 9, p. 5.
[26] Rec. Doc. No. 9-4.
[27] Rec. Doc. No. 9, p. 6.
[28] *Springboards to Educ., Inc. v. Hamilton Cty. Read 20*, No. 3:16-CV-2509-B, 2017 WL 3023489, at *4 (N.D. Tex. July 14, 2017).

forum state might purchase something, without evidence of specific targeting, is not sufficient for specific jurisdiction.[29]

This district has taken up a similar case involving Southern Marsh and specific personal jurisdiction. In the 2017 case *Southern Marsh Collection LLC, v. C.J. Printing, Inc.,*[30] another section of this Court considered the sufficiency of allegations regarding "internet and website use"[31] for establishing jurisdiction over a nonresident clothier. In that case, Judge James J. Brady concluded that specific personal jurisdiction did not exist where "the only fact Southern Marsh relies on to suggest Defendant has minimum contacts with the forum is that Defendant shipped three disputed products into the State of Louisiana"[32] and the defendant's website – by contrast to the website at issue in the instant case -- did not offer direct ordering and had no live chat feature. Like the instant case, however, there was no showing that the defendant directed advertising or soliciting at the forum state or that actual purchases resulting from targeted marketing occurred in the forum state.

Overall, Southern Marsh has failed to make a *prima facie* case of purposeful availment or to show that its cause of action arises out the alleged contacts. Southern Marsh has not carried its pleading burden of proving that specific jurisdiction over Cocklebur Creek exists. The Court concludes that it would not be reasonable and fair to exercise jurisdiction over Cocklebur Creek on such a thin record of contacts. Accordingly,

---

[29] *Tafaro v. Innovative Discovery, LLC*, 89 F. Supp. 3d 867, 874 (E.D. La. 2015)("Mere foreseeability of the injury in the forum state is not enough to support a finding of personal jurisdiction absent some showing of defendant's targeting of the forum")(citing *See Calder v. Jones,* 465 U.S. 783, 788–789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). See also *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir.2001)).
[30] 2015 WL 331919.
[31] *Id*. at *3.
[32] *Id*. at *5.

7

Cocklebur Creek's *Motion to Dismiss* for lack of personal jurisdiction is GRANTED and Southern Marsh's claims dismissed without prejudice. In its *Opposition*, Southern Marsh seeks an opportunity to amend its *Complaint*. Such leave is granted. Southern Marsh is hereby granted leave to file an *Amended Complaint*, if any, within thirty (30) days of this *Ruling*. Because of the jurisdictional defect, the Court does not reach Cocklebur Creek's arguments under 12(b)(6). Southern Marsh is admonished to consider those arguments when drafting its *Amended Complaint*.

## III.    CONCLUSION

For the reasons stated above, Cocklebur Creek's *Motion to Dismiss*[33] is hereby GRANTED and Plaintiff's claims dismissed without prejudice. Southern Marsh is hereby granted leave to file an *Amended Complaint* within 30 days of this *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 16, 2022</u>.

_Shelly D. Dick_

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[33] Rec. Doc. No. 7.