UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SOUTHERN MARSH COLLECTION, LLC

VERSUS

COCKLEBUR CREEK COMPANY, LLC

CIVIL ACTION

NO. 21-265-SDD-RLB

**ORDER**

Before the Court is Plaintiff's Motion Seeking Leave to Conduct Jurisdictional Discovery and Suspension or Extension of the Deadline to File an Amended Complaint. (R. Doc. 16). The motion is opposed. (R. Doc. 19).

Southern Marsh Collection, LLC ("Plaintiff") sued Cocklebur Creek Company, LLC ("Defendant") to obtain damages and injunctive relief for copyright infringement under 17 U.S.C. § 501 and under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"). (R. Doc. 1). The underlying trademark and copyright at issue involves a stylized duck logo.

On July 15, 2021, Defendant filed a Motion to Dismiss seeking dismissal for lack of personal jurisdiction, improper venue, and failure to state a claim. (R. Doc. 7). In opposing the motion, Plaintiff specifically requested jurisdictional discovery and the opportunity to amend its Complaint. (R. Doc. 9 at 7, 17).

On March 16, 2022, the district judge issued a Ruling granting relief under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which permits dismissal of a lawsuit for lack of personal jurisdiction. (R. Doc. 15). The district judge conducted a thorough analysis in finding the allegations in the Complaint, and the evidence submitted by Defendant, did not support a finding of personal jurisdiction. (R. Doc. 15 at 2-8). In dismissing Plaintiff's claims without prejudice for

lack of personal jurisdiction, the district judge specifically granted Plaintiff the opportunity to file an Amended Complaint within 30 days of the Ruling. (R. Doc. 15 at 7-8).

On April 7, 2022, Plaintiff filed the instant Motion Seeking Leave to Conduct Jurisdictional Discovery and Suspension or Extension of the Deadline to File an Amended Complaint. (R. Doc. 16).

"When a party seeks jurisdictional discovery, the Court has discretion as to the type and amount of discovery to permit." *Chem Carriers, L.L.C. v. L. Energy Int'l, LLC*, No. 19-436-SDD-SDJ, 2020 WL 5733193, at *2 (M.D. La. Sept. 24, 2020) (quoting *Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d. 496, 510 (E.D. La. 2010)). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact." *Chem Carriers*, 2020 WL 5733193, at *2 (quoting *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). "But a party seeking jurisdictional discovery cannot escape their burden of demonstrating a *prima facie* case for personal jurisdiction." *Chem Carriers*, 2020 WL 5733193, at *2. A court does not abuse its discretion to deny jurisdictional discovery where the plaintiff has "not made even a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

Here, the district judge's Ruling establishes that Plaintiff has not made a preliminary showing of personal jurisdiction. The district judge found Plaintiff's assertions of minimum contacts to be "conclusory" and "speculative," specifically holding that Plaintiff failed to make out a *prima facie* case for both general and specific personal jurisdiction. (R. Doc. 15 at 4-7).

There is no basis for the undersigned to revise the district judge's Ruling, including the deadline to file an Amended Complaint. The district judge provided a firm time period to amend the Complaint without allowing any jurisdictional discovery as sought in opposing the Motion to

Dismiss. There is nothing in the district judge's Ruling suggesting that jurisdictional discovery is warranted or appropriate, or that Defendant should be subject to further time and expense in a matter where the pleadings were insufficient to establish personal jurisdiction. To the extent merited, Plaintiff may seek to establish a *prima facia* case for personal jurisdiction in its Amended Complaint.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion Seeking Leave to Conduct Jurisdictional Discovery and Suspension or Extension of the Deadline to File an Amended Complaint (R. Doc. 16) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 14, 2022.

 

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**